PATRICK J. LUCEY, Governor of Wisconsin
You have requested my opinion with respect to Senate Bill 363, which amends sec. 21.13, Stats., to delete the discretion *Page 469 
now vested in the Governor in appointment of counsel for National Guardsmen who are prosecuted civilly or criminally for acts performed by such member while in his performance of military duty or in pursuance thereof. Your inquiry is specifically directed to the question of whether the requirement that the Governor appoint counsel requires that he appoint special counsel rather than appointing the Attorney General to defend such guardsmen.
The amendment to sec. 21.13, Stats., proposed in Senate Bill 363, retains the substantive language intact but leaves the Governor no discretion with respect to whether counsel should be appointed. This section has never been construed by the Wisconsin Supreme Court, and we are aware of no lower court determination which would aid in determining the meaning of the word "counsel" in this bill. Indeed, it has been only since 1962, when governmental immunity was terminated by the Supreme Court in Holytz v. Milwaukee (1962), 17 Wis.2d 26, that there was any substantial exposure of liability to guardsmen.
The last sentence of sec. 21.13, Stats., provides that the costs and expenses of any such defense of a guardsman shall be audited by the Department of Administration and paid out of the State Treasury and charged to the special counsel appropriation in sec. 20.455. This provision is applicable only when special counsel is appointed, since the cost of defense of National Guardsmen by the Attorney General would be part of the normal Department of Justice operating budget. This language gives strong support to the conclusion that the initial legislative enactment of sec. 21.13 envisioned special counsel being appointed outside of state service.
It is, therefore, my opinion that the legislature intended, in passing Senate Bill 363, that it would require the Governor to appoint special counsel in every case when a National Guardsman is prosecuted by civil or criminal action for any act performed by such member while in the performance of his military duty or in pursuance thereof.
RWW:TLP *Page 470